# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVERAGE TUIRCUIT, III | CIVIL ACTION |
| VERSUS | NO. 13-6268 |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY, FORMERLY KNOWN AS FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant Wright National Flood Insurance Company's ("Wright") motion for summary judgment and motion for partial dismissal. (Rec. Docs. 22, 23). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

## I.     UNCONTESTED FACTS

Everage Tuircuit held a standard flood insurance policy ("SFIP") with Defendant Wright National Flood Insurance Company, providing property coverage up to $223,900 and contents coverage up to $88,200. On or about August 28, 2012, Hurricane Isaac caused flood damage to a dwelling owned by Mr. Tuircuit in La Place, Louisiana. The dwelling was not the primary residence of Mr. Tuircuit. On January 3, 2012, Mr. Tuircuit timely signed and submitted a proof of loss claiming $87,563.74 in total (for property damage and contents damage, including building replacement costs). Wright thereafter paid $87,563.74 to Mr. Tuircuit.

Mr. Tuircuit filed the instant suit, seeking to recover up to the policy limits on the policy. On April 11, 2014, subsequent to filing suit, Mr. Tuircuit submitted an unsigned and undated proof of loss claiming $214,528.04. Wright has countered that Mr. Tuircuit is not entitled to further payment because he failed to submit appropriate documentation and did not submit a complete proof-of-loss, because estimates prepared by the adjuster Mr. Tuircuit hired included

damage not covered by his policy, and because any extra-contractual causes of action he asserts are preempted by federal law and unrecoverable.

## II. PRESENT MOTIONS

Wright now moves for summary judgment and partial dismissal. (Rec. Docs. 22 and 23). With respect for the summary judgment motion, Wright argues that Mr. Tuircuit is barred from recovering additional federal benefits under the SFIP because he failed to submit a valid signed and dated proof of loss claiming $214,528.04. Wright emphasizes that it only received an *unsigned and undated* proof of loss claiming $214,528.04 – after the filing of this lawsuit. Alternatively, Wright argues, if the Court finds there is a genuine issue of material fact on the foregoing, the SFIP nonetheless limits replacement cost coverage to actual cash value and that Mr. Tuircuit cannot recover depreciable damage because it is undisputed that the insured dwelling was not his principal residence. Similarly, Wright argues that Mr. Tuircuit cannot recover for personal property because he did not live in the insured dwelling and the SFIP limits recovery to household family members.

Mr. Tuircuit responds in opposition to summary judgment. (Rec. Doc. 25). Mr. Tuircuit argues that in contrast to Wright's assertions, he indeed timely submitted a *signed* and sworn proof of loss claiming $214,528.04. Mr. Tuircuit acknowledges that in his deposition he stated that he did not personally submit the proof of loss to Wright, but he disputes that no one else submitted one on his behalf. Mr. Tuircuit also argues that he is entitled to property damages under the SFIP because the property in the insured home was owned by himself or his "guest" residents. He further asserts that he purchased some of the property inside the dwelling. Mr. Tuircuit also expresses his agreement that he is entitled to actual cash value.

Wright replies in support of summary judgment. (Rec. Doc. 22).Wright argues that substantial evidence exists to demonstrate that it never received a signed, dated proof of loss in the amount of $214,528.04. It emphasizes that a signed proof of loss for $214,528.04 did not appear until it was filed, for the first time, with Mr. Tuircuit's opposition to summary judgment. Wright argues that self-serving evidence cannot defeat summary judgment. Based on the evidence, Wright argues, Mr. Tuircuit has failed to meet the SFIP's "strictly construed" requirements. Additionally, Wright argues that Mr. Tuircuit cannot recover for personal property in the dwelling because the residents in the house do not constitute his "household" or "guests." Finally, Wright again argues that any recovery is limited to actual cash value.

Wright also moves for dismiss all state law based extra-contractual claims, including declaratory relief, pre-judgment and post-judgment interest, attorney's fees, costs, penalties, and disbursements on grounds of federal preemption. (Rec. Doc. 23). The motion to partial dismissal is unopposed.

### III. LAW & ANALYSIS

#### A. Motion for Summary Judgment

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir.

2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

SFIPs are governed by statute, FEMA regulations, and federal common law. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005). Any interpretation of those regulations by FEMA also governs, as long as that interpretation is not inconsistent with the regulations or plainly erroneous. *Worthen v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 463 F. App'x 422, 426 (5th Cir. 2012) (citing *Stinson v. United States*, 508 U.S. 36, 45 (1993)). SFIPs must be "'strictly construed and enforced.'" *Id.* (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). "In addition, the insured is charged with constructive knowledge of the policy provisions and of the NFIP . . . 'regardless of actual knowledge of what is in the [r]egulations or of the hardship resulting from innocent ignorance.'" *Id.* (quoting *Fed. Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947) (alteration in original))). Although federal law governs SFIPs, "general principles of state insurance law may be useful" in interpreting them. *Id.* at 425.

Under the SFIP, the insured must submit a proof of loss that meets certain requirements.

> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>   a. The date and time of loss;
>   b. A brief explanation of how the loss happened;

c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

d.  Details of any other insurance that may cover the loss;

e.  Changes in title or occupancy of the covered property during the term of the policy;

f.  Specifications of damaged buildings and detailed repair estimates;

g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h.  Details about who occupied any insured building at the time of loss and for what purpose; and

i.  The inventory of damaged personal property described in J.3. above.

44 C.F.R. pt. 61, app. A(1), art. VII(J). The SFIP further provides that the insureds "may not sue [the insurer] to recover money under this policy unless [the insureds] have complied with all the requirements of the policy." *Id*. art. VII(R).

Generally, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the [SFIP], relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954. However, a proof of loss may be considered even if it does not provide a "specific amount of damages" as long as it "provide[s] at least enough information for FEMA to evaluate the merits of the claim." *Copeland v. Fed. Emergency Mgmt. Agency*, No. 03–2704, 2004 WL 325577, at *1, *3 (E.D. La. Feb. 18, 2004) (Barbier, J). Additionally, the standard proof of loss form created by the Office of Management and the Budget – and which was used by the Smiths – provides that "[a]ny other information that may be required will be furnished and considered a part of this proof." (Rec. Doc. 15-5 at 2).

Here, it is necessary to determine whether Mr. Tuircuit met the proof of loss requirement for his claim of $214,528.04.[1] According to Wright, Mr. Tuircuit never submitted the *signed* proof of loss for $214,528.04 dated October 20, 2012. According to Mr. Tuircuit, that signed proof of loss was indeed submitted to Wright. In support of his position, Mr. Tuircuit presents (1) a copy of the disputed, signed October 20, 2012 proof of loss and (2) a sworn statement from the third-party adjuster hired by Mr. Tuircuit stating that the adjuster helped submit the signed October 20, 2012 proof of loss to Wright. (Rec. Docs. 25-1, 25-4). Although Wright contends that the evidence of the signed October 20, 2012 proof is not credible, the Fifth Circuit has made clear that in resolving a motion for summary judgment, "the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Based on the record before it, the Court is satisfied that a genuine issue of material fact exists regarding whether a timely signed proof of loss for $214,528.04 was submitted to Wright.

Next, the Court must address Wright's argument that the evidence bars Mr. Tuircuit from personal property contents coverage. The SFIP only permits recovery for personal property that is owned by (1) the insured, (2) the household family members of the insured, or (3) guests or servants of the insured. 44 C.F.R. pt. 61, app. A(1), art. VII(B)(1)(a). It is undisputed that the family of Mr. Tuircuit's daughter, Courtney, and not Mr. Tuircuit himself, lived in the dwelling at the time of the flood loss. Even so, the parties dispute the extent to which Mr. Tuircuit owned personal property at the house, including, for example, whether Mr. Tuircuit owned personal

---

[1] It is undisputed that Mr. Tuircuit submitted to Wright an *unsigned and undated* proof of loss in the amount of $214,528.04.

property in the living room. This dispute is one of material fact. Therefore, summary judgment is not appropriate regarding contents coverage.

Finally, the Court must address Wright's argument that Mr. Tuircuit's "Coverage A" building claim is limited to the actual cash value of the dwelling. Wright properly notes that the SFIP limits recovery to the actual cash value when the dwelling is not the principal residence of the insured. 44 C.F.R. pt. 61, app. A(1), art. VII(V)(4)(i). It is undisputed here that the insured dwelling was not the principal residence of Mr. Tuircuit. And Mr. Tuircuit agrees that he is claim is properly for the actual cash value. Therefore, summary judgment is appropriate regarding the issue of whether Mr. Tuircuit's building claim is limited to actual value of the dwelling.

**B.    Partial Dismissal**

Wright also moves to dismiss Mr. Tuircuit's extracontractual claims on grounds of federal preemption. (Rec. Doc. 23). In light of Mr. Tuircuit's un-opposition to the dismissal of such claims, and in light of the case law, the Court dismisses Mr. Tuircuit's extracontractual claims. *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage"); *Miceli v. Hartford Fire Ins. Co.*, 03-2724, 2004 WL 253457, *2-4 (E.D. La. Feb. 10, 2004) (citing *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1310 (11th Cir. 2001) ("[T]he no-interest rule prohibits awards of prejudgment interest against WYO companies.")); *Phillips v. Fed. Emergency MGMT Agency*, 13-5291, 2014 WL 273144, at *2 (E.D. La. Jan. 24, 2014) (dismissing plaintiff's claim for declaratory judgment as an inappropriate remedy under the NFIA).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Wright's motion for summary judgment, (Rec. Doc. 22), is **DENIED IN PART** and **GRANTED IN PART**;

**IT IS FURTHER ORDERED** that Wright's motion to dismiss extracontractual claims, (Rec. Doc. 23), is **GRANTED**.

New Orleans, Louisiana, this 25th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE